**Place of hearing:** FCI Ray Brook, New York          **Docket number:** 8:19-MJ-364 (GLF)

**Date:** June 6, 2019          **Prisoner Register No:** 31920-064     **DOJ#:** 236539-03-4-4277-F

## VERIFICATION OF CONSENT TO TRANSFER TO CANADA
## FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

I, **Sandeep Singh Kandola,** having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1.    My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2.    My sentence will be carried out according to the laws of Canada;

3.    If a court of Canada should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of Canada, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4.    Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this 6th day of June 2019. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion or other improper inducements.

_____
Verifying Officer

Gary L. Favro, U.S. Magistrate Judge, N.D.N.Y
Print name and office



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

_Office of International Affairs_                    _Washington, D.C. 20530_

DEC 1 9 2018

Dan Kunic, Director
Population Management and Transfers Division
Security Branch
Correctional Service of Canada
340 Laurier Avenue West
Ottawa, Ontario K1A 0P9
Canada

      Re:    Sandeep Singh Kandola, Reg. No. 31920-064
              Approval of Request to Transfer to Canada
              Under the COE Convention on the Transfer of Sentenced Persons

Dear Mr. Kunic:

This is to notify you that on December 6, 2018, the United States approved the request for transfer to Canada of the above-named Canadian national, who is currently incarcerated at the Moshannon Valley Correctional Institution, Philipsburg, Pennsylvania. The application was forwarded to you on August 15, 2018. Enclosed please find a case summary addendum.

                                Sincerely,

                                Paula A. Wolff, Associate Director
                                International Prisoner Transfer Unit

Enclosure

cc (without enclosure):

Hélène Bouchard, Embassy of Canada, Washington, D.C.
Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
Sandeep Singh Kandola

_meccid fit 2/14/18_



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

*Office of International Affairs*                    *Washington, D.C. 20530*

## CERTIFIED CASE SUMMARY ADDENDUM

Name:                                    Register no.: **31920-064**
**Sandeep Singh Kandola**
Date: November 29, 2018                   DOJ#: **CRM-236539-03-4-4277-F**

### PERSONAL DATA

**8. PLACE OF BIRTH:** Mehatpur, Punjab, India

### SENTENCE DATA SUMMARY

**6. DESCRIPTION OF CURRENT OFFENSE:** The applicant was arrested without incident on 9/25/2017.

**9. DETAINERS OR PENDING CHARGES:** An immigration detainer was lodged on 7/30/2018.

**10. STATUTORY GOOD TIME/GOOD CONDUCT TIME EARNED:** 54 days.

**12. PROJECTED RELEASE DATE:** Please note that the "Projected Release Date" is only relevant **if the prisoner remains in the United States.** It reflects the date that the prisoner might be released if he remains in the United States and he earns all possible good conduct time credit. Federal prisoners may earn up to 54 days of good conduct time each year. If a prisoner has had good conduct, the 54 days will be credited as "earned" only after the anniversary date of the time in custody has passed. If the prisoner transfers, he stops earning good conduct time credit and the calculation of the sentence will be according to the laws of the country administering the sentence and, in all likelihood, the actual release date will be different from the projected release date.

### SOCIAL DATA

(No corrections)

BP-A0964                          U.S. Case Summary CDFRM
AUG 11
U.S. DEPARTMENT OF JUSTICE                        FEDERAL BUREAU OF PRISONS

**PERSONAL DATA**

| | |
|---|---|
| 1. | **Committed Name:** Kandola, Sandeep Singh |
| 2. | **Birth Name:** Kandola, Sandeep Singh |
| 3. | **Federal Register Number:** 31920-064 |
| 4. | **Current Place of Imprisonment:** Moshannon Valley Correctional Center, Philipsburg, PA |
| 5. | **Security Level:** Low/In |
| 6. | **Height:** 5' 10"   **Weight:** 247 LBS. |
| 7. | **Date of Birth:** March 26, 1979 |
| 8. | **Place of Birth:** India   *see addendum* |
| 9. | **Nationality:** Indian |
| 10. | **Citizenship:** Canada and India |
| 11. | **Marital Status/Children:**<br>Inmate Kandola has been married to Sukhjit Kandola, for over 25 years. They have two children;<br>Tegbir Kandola, age 9, and Hasrat Kandola, age 5. He has phone contact and visits with his family. |
| 12. | **Emergency Contact Person, relationship and location:**<br>Sukhvir Singh Kandola, Uncle, 4 Westlawn PC, Etobicoke, OM, MAW-6W6 Canada<br>Phone Number: 416-525-7200 |

**SENTENCE DATA SUMMARY** '

| | |
|---|---|
| 1. | **Sentence:** 30 Months, No Supervised Release Term |
| 2. | **Date Sentence Imposed:**  June 7, 2018 |
| 3. | **Sentencing District:** Western District of Oklahoma |
| 4. | **Criminal Docket Number** CR-17-250-F |
| 5. | **Current Offense:** Possession with Intent to Distribute Cocaine |

6. **Description of Current Offense:**
On September 25, 2017, an agent observed a vehicle heading east on I-40 traveling in the outside
lane following another vehicle too closely. The agent conducted a traffic stop and made contact
with the driver of the vehicle. The agent explained the reason for the traffic stop and requested
inmate Kandola sit in the patrol car while completing the traffic stop. The agent reviewed the
rental agreement with inmate Kandola, stating the rental was rented in Las Vegas and was to be
returned to "IND." Inmate Kandola stated the rental was to be returned to Chicago and made
conversation to the reasoning as to what he was doing in Oklahoma City. The agent advised Kandola
he was receiving a warning.  Once the warning printed, the agent advised inmate Kandola he was
free to leave, but inmate Kandola continued to engage the agent in conversation.

Once inmate Kandola went back to his rental car, the agent looked into the passenger side window
and asked if there was anything illegal in the vehicle and he stated no.  The agent asked if he
could look in the back of the car to make sure there were no drugs. He stated to the agent his bag
was in the back and he could check it. As the agent opened the passenger door he noticed a carpet
liner laying over the storage bends located in the middle row of the vehicle. The agent asked
inmate Kandola if he could open the storage bends and he stated he could. The agent opened the
floor storage compartment and saw what appeared to be packages of illegal drugs. Inmate Kandola
denied knowledge when the agent asked what the packages were. The agent asked inmate Kandola to
sit with the agent in the patrol car.

The agent then advised inmate Kandola of his Miranda Rights. Inmate Kandola stated he was being
paid $5,000.00 to deliver the drugs to Chicago. There were a total of 15 bundles of suspected
Cocaine. The agent field tested 3 of the 15 bundles. Each of the bundles tested positive for
Cocaine. Each bundle weighed approximately 1 (one) kilogram, for a total weight of 14.96 (fourteen
and nighty six hundredths) kilograms.

Inmate Kandola entered a Guilty Plea and stated, "On September 25, 2017, I knowingly possessed with an intent to distribute a quantity or substance containing a detectable amount of cocaine, in the Western District of Oklahoma." He clearly demonstrated acceptance of responsibility for the offense.

No weapons were used in the instant offense and it is not believed inmate Kandola is part of any drug cartel.  There are no codefendants to report.  *see addendum*

**7. Fine/Assessment/Restitution:**
Inmate Kandola was ordered to pay a $100.00 felony assessment fee to the court and he completed his financial obligation on July 10, 2018.

**8. Prior Record:**
Inmate Kandola has no prior record.

**9. Detainers or Pending Charges:**
Inmate Kandola does not have any detainers or pending charges; however, it is anticipated Immigration and Customs Enforcement will lodge a detainer for possible deportation, due to his citizenship to Canada.  *see addendum*

**10. Statutory Good Time/Good Conduct Time Earned:** 0 days. *see addendum*

**11. Meritorious Good Time Earned:** 0 days.

**12. Projected Release Date:** November 30, 2019

**13. Full Term Date:** March 26, 2020

**14. Credited with 255 Days of Total Prior Credit Time.**

## Social Data

**1. Psychological Evaluation:**
Inmate Kandola has no history of mental health problems.

**2. Level of Education Achieved:**
Inmate Kandola advised he completed high school in 1997, in India.

**3. Employment Prior to Incarceration:**
Inmate Kandola reportedly worked for Teg Bir Logistics Inc., as a semi-truck driver who transported items across the United States and Canada, from 2006 until his arrest in 2017, earning about $2,500.00/week. He reportedly owned a company called Transport Business, a trucking company where drivers delivered items in the United States and Canada, between 2002 and 2008, and he was the driver earning about $2,000.00/week. Inmate Kandola reportedly worked for Challenger Motor, as a driver, from 2000 to 2007, earning about $900.00/week.

**4. History of Substance Abuse: alcohol or drugs?**
No: (X)
Yes: ( )
If yes, specify substance (s):

**5. Medical Condition:**
Inmate Kandola is assigned regular duty with medical restrictions of no sports/ no weight lifting and a soft shoe requirement due to painful feet.

**6. Institution Work Experience:**
Inmate Kandola is currently assigned work as a Library Worker, but has not received any work evaluations.

**7. Type and Number of Incident Reports Received:**
Inmate Kandola has maintained clear conduct since arriving at the Moshannon Valley Correctional Center.

**8. Program Participation:**
Inmate Kandola is not currently enrolled in any classes at the Moshannon Valley Correctional Center.

Prepared By:

J. Koleno/

Case Manager/Phone Number (814)768-1215

7-26-18

Date

Reviewed By:

D. Jones/

Unit Manager/Phone Number (814)768-1254

7/26/8

Date

 **Correctional Service** **Service correctionnel**
**Canada** **Canada**

Ottawa, Canada
K1A 0P9

| | Your file | Votre référence |
|---|---|---|
| | Our file | Notre référence |

**MAY 0 1 2019**

Paula A. Wolff, Associate Director
International Prisoner Transfer Unit
Office of International Affairs
Criminal Division
United States Department of Justice
1301 New York Avenue NW, 10th Floor
Washington, DC
USA   20530

Dear Ms. Wolff:

**Re: KANDOLA, Sandeep Singh, Reg. No. 31920-064**
**Moshannon Valley Correctional Institution, Philipsburg, Pennsylvania**
**Request for Transfer to Canada**

The Minister of Public Safety and Emergency Preparedness, the Honourable Ralph Goodale, has approved the transfer from the United States of Mr. Kandola, incarcerated at the Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania, pursuant to the *Convention on the Transfer of Sentenced Persons*.

Thank you for your cooperation in this matter.

Yours truly,

Joseph Daou
Senior Manager, Transfers Unit
Population Management & Transfers Division
Security Branch
Tel.: 613-947-9708
Fax: 613-952-7676

c.c.:   Mr. Anthony Alexander
        The Consulate General of Canada
        New York, NY

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Oklahoma

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Sandeep Singh Kandola | ) | Case Number:     CR-17-250-F |
| | ) | USM Number:    31920-064 |
| | ) | |
| | ) | Bill Zuhdi |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count     One of the Information filed on November 3, 2017.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) & 21 U.S.C. § 841(b)(1)(C) | Possession with intent to distribute cocaine | September 25, 2017 | 1 |

     The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 7, 2018
Date of Imposition of Judgment

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

June 11 , 2018
Date Signed:

Case 5:17-cr-00250-F   Document 28   Filed 06/11/18   Page 2 of 5

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment
_____

Judgment — Page ___2___ of ___5___

DEFENDANT:      Sandeep Singh Kandola
CASE NUMBER:    CR-17-250-F

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**30 months as to count one of the Information filed on November 3, 2017.**
_____

☒  The court makes the following recommendations to the Bureau of Prisons:

It is recommended the defendant participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the program.

It is recommended that the defendant serve a term of incarceration at the federal institution closest to Toronto, Canada, for which he is deemed eligible.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ ☐ a.m.  ☐ p.m.   on _____  _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  By 2 p.m. on   _____

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered
on _____  to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page ___3___ of _____5_____

DEFENDANT:       Sandeep Singh Kandola
CASE NUMBER:   CR-17-250-F

# SUPERVISED RELEASE

The court does not impose a term of supervised release.

Case 5:17-cr-00250-F   Document 28   Filed 06/11/18   Page 4 of 5

AO 245B (Rev. 02/18) Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

Judgment — Page   4   of   5  

DEFENDANT:         Sandeep Singh Kandola
CASE NUMBER:      CR-17-250-F

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) payments to the U.S. Court Clerk, 200 N.W. 4th Street, Oklahoma City, OK 73102, to be distributed to the payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss\*\* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $_____ | $_____ |  |

☐ Restitution amount ordered pursuant to plea agreement  $  _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 5:17-cr-00250-F    Document 28    Filed 06/11/18    Page 5 of 5

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
                   Sheet 6 — Schedule of Payments

Judgment — Page __5__ of __5__

DEFENDANT:        Sandeep Singh Kandola
CASE NUMBER:      CR-17-250-F

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒ Lump sum payment of $ __100.00__ due immediately.

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
    time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

    If restitution is not paid immediately, the defendant shall make payments of 10% of the defendant's quarterly earnings
    during the term of imprisonment.

    After release from confinement, if restitution is not paid immediately, the defendant shall make payments of the greater of
    $_____ per month or 10% of defendant's gross monthly income, as directed by the probation officer. Payments are to
    commence not later than 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be paid through the United States Court Clerk for the Western District of Oklahoma, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
☐ Joint and Several

    <u>Defendant and Co-Defendant Names</u>   <u>Case Number (including dft number)</u>   <u>Joint and Several Amount</u>

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:
    All right, title, and interest in the assets listed in the Preliminary Order of Forfeiture dated _____ (doc. no. ___).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.